## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

CASE NO. _____

MOONSHINE STILLS, LLC, a Georgia
limited liability company,

       Plaintiff,

  v.

HANDS & CRAFT, a foreign company, and
AREEB UR REHMAN, an individual,

       Defendants.
_____/

## COMPLAINT

Plaintiff MOONSHINE STILLS, LLC, hereby sues Defendants HANDS & CRAFT ("H&C") and AREEB UR REHMAN ("Rehman"), (collectively referred to as "Defendants"), and alleges as follows:

### NATURE OF THE CASE

1. This is an action for injunctive and monetary relief based upon the Defendants' misappropriation, without prior consent or permission, of the Plaintiff's copyrighted informational pamphlet in connection with Defendants' promotion of a business directly competing with Plaintiff's.

### THE PARTIES

2. Plaintiff is a limited liability company organized under the laws of the State of Georgia, with its principal place of business in Roswell, Georgia. Plaintiff is engaged in the sale of moonshine stills which can be used to distill various forms or alcoholic beverages.

3. Upon information and belief, Defendant H&C is a foreign corporation organized under the laws of India with its principal place of business at 113 Lajpat Nagar,

Moradabad Uttar Pradesh, India 244001. Upon information and belief, Defendant Rehman ("Rehman") is a principal of Defendant H&C and resides in India.

## JURISDICTION

4. This Complaint arises under the Copyright Act of 1976, 17 U.S.C. § 101 *et seq*. Subject matter jurisdiction in this Court is proper pursuant to 28 U.S.C. §§ 1331 and 1338.

5. Defendants are subject to the personal jurisdiction of this Court under Fla. Stat. §§48.193(1)(a) and §48.193(2) because they (i) conduct or engage in business in Florida; and (ii) engage in substantial and not isolated business activity in the State of Florida. In addition, Defendants submitted to Amazon.com a counter-notice to the Plaintiff's complaint of infringement to Amazon.com. In the counter-notice, Defendants, who reside outside the United States, consented to jurisdiction in any Federal District Court in which Amazon.com may be found.

## VENUE

6. Venue is proper in this District under 28 U.S.C. §1391(b) and (c), because: (i) each of the Defendants is subject to personal jurisdiction in this District and (ii) each of the Defendants is not a resident in the United States.

## FACTS

7. Plaintiff is in the business of selling moonshine stills, which are copper pot stills that can be used to make several kinds of distilled alcoholic beverages. Plaintiff sells its moonshine stills through its website www.moonshinestill.com. The moonshine stills sold by Plaintiff are accompanied by a nine-page informational pamphlet guide that provides users detailed instructions on how to use the moonshine still (the "Moonshine Still Guide"). The Moonshine Still Guide was first published in 2014.

8. Plaintiff has secured a copyright registration from the U.S. Copyright Office that covers the Moonshine Still Guide. The copyright registration, number TX 8-837-806, is effective

as of February 14, 2020. A copy of the certificate of registration for the Moonshine Still Guide together with a copy of the Moonshine Still Guide covered by the copyright registration, are appended hereto in Exhibit A.

9. In November 2017, Plaintiff began purchasing moonshine stills from Defendant H&C, who manufactures the stills.

10. In January 2019, Plaintiff learned that Defendant H&C was offering a moonshine still for sale on Amazon.com under the Amazon seller name Copperholic. Plaintiff ordered Defendant's moonshine still and, upon receiving the product, noticed that Defendant's moonshine still came with an almost exact copy of the Moonshine Still Guide.

11. Defendants, without Plaintiff's prior permission or consent, copied the Moonshine Still Guide (with some slight changes). A copy Defendants' infringing pamphlet is appended hereto in Exhibit B.

12. At all relevant times, Rehman has directly controlled the continued unauthorized copying and use of the Moonshine Still Guide by Defendant H&C, and has directed, participated in, ratified or otherwise assisted the unauthorized, and hence infringing, copying and use of the Moonshine Still Guide. As the active moving force behind Defendant H&C's infringement, Rehman, individually, is jointly and severally liable for Defendant H&C's infringement.

**COUNT I**
**Against All Defendants**
**(Violation of the Copyright Act- Copyright Infringement)**

13. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 12 of this Complaint as if set forth in full herein.

14. Plaintiff owns copyright in the Moonshine Still Guide.

15. The Moonshine Still Guide constitutes an original work of authorship and copyrightable subject matter under the laws of the United States. Plaintiff owns U.S. Copyright Registration Number TX 8-837-806, effective as of February 14, 2020, covering the Moonshine Still Guide.

16. The Moonshine Still Guide has never been dedicated to the public.

17. At all times pertinent to this Complaint, Plaintiff has been, and still is, the sole and exclusive proprietor of all rights, title and interest in and to the Moonshine Still Guide, including the copyright therein. Plaintiff has never assigned, licensed or otherwise transferred any of these rights, including its exclusive copyright rights or interests in the Moonshine Still Guide, to Defendants.

18. Defendants, with knowledge of Plaintiff's copyright ownership in the Moonshine Still Guide, have willfully infringed Plaintiff's copyright by copying and/or preparing derivative works based on the Moonshine Guide for Defendants' own profit and without Plaintiff's permission, license or consent; and have done so with full knowledge of Plaintiff's copyright ownership therein.

19. By reason of Defendants' unlawful conduct alleged above, Plaintiff has been substantially injured and is entitled to statutory damages, actual damages and Defendants' profits attributable to the Defendants' infringement, which are presently indeterminate, the costs of this action, and reasonable attorneys' fees.

20. By reason of Defendants' acts of copyright infringement alleged above, Defendants have caused, are causing and, unless such acts are permanently enjoined by the Court, will continue to cause immediate and irreparable harm to Plaintiff for which there is no adequate remedy at law, and for which Plaintiff is entitled to injunctive relief.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff requests the following relief:

A.  that this Court require Defendants to account to Plaintiff for any and all profits derived by Defendants from their infringement, or in the alternative, that this Court award Plaintiff its statutory damages pursuant to 17 U.S.C. § 504(a) in the maximum amount allowed for willful infringement;

B.  that this Court grant a permanent injunction enjoining and restraining Defendants from using, copying, publishing, broadcasting or distributing the Moonshine Still Guide or any work derived from the Moonshine Still Guide and further exploiting or infringing the copyright in the Moonshine Still Guide in any fashion;

C.  Defendants, pursuant to 15 U.S.C. § 1116(a), be directed to file with this court and serve upon Plaintiff within thirty days after entry of the injunction, a report in writing under oath, setting forth in detail the manner and form in which they have complied with the injunction;

D.  that this Court Order the impounding, pursuant to 17 U.S.C. § 503, of all copies of the Moonshine Still Guide made or used in violation of Plaintiff's exclusive rights;

E.  that Plaintiff recover from Defendants any of Defendants' profits made as a result of their wrongful actions;

F.  that Plaintiff be awarded its reasonable attorneys' fees and costs under the Copyright Act (17 U.S.C. §505);

H.  that Plaintiff recover its costs of this action;

I.  that Plaintiff recover such further relief to which it may be entitled; and

J.  that this Court award such other and further relief as the Court deems just and proper.

Dated: March 2, 2020 Respectfully submitted,

By:   /s/ Albert Alvarez
      Steven I. Peretz (Fla. Bar No. 329037)
      E-Mail: speretz@pch-iplaw.com
      Alberto Alvarez (Fla. Bar No. 106859)
      E-Mail: aalvarez@pch-iplaw.com
      PERETZ, CHESAL & HERRMANN, PL
      2 S. Biscayne Blvd.
      Suite 3700
      Miami, Florida 33131
      Tel: 305-341-3000
      Fax: 305-371-6807
      *Attorneys for Plaintiff*